JIAN MING CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General of the United States, Respondent.

No. 04–4989–ag.

United States Court of Appeals, Second Circuit.

Feb. 15, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Susan C. Cassell, Assistant United States Attorney (Christopher J. Christie, United States Attorney for the District of New Jersey), Newark, New Jersey, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Jian Ming Chen petitions for review of the August 2004 decision of the BIA denying his motion to reopen his immigration proceedings. The BIA in an April 2004 decision affirmed the July 2002 decision of an Immigration Judge ("IJ"), finding Chen removable and denying his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Petitioner has not filed a petition challenging that determination. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

As an initial matter, to the extent that Chen challenges the IJ's underlying order denying his applications for asylum, withholding of removing, and CAT relief, and the BIA's order affirming the IJ's decision, this Court lacks jurisdiction because Chen failed to timely file a petition for review of the BIA's April 2004 order. A petition for review of a final order of deportation must be filed within thirty days of the date of the order. *See* 8 U.S.C. § 1252(b)(1). Moreover, "[a]n appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve[ ] 'two separate petitions filed to review two separate orders.'" *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Here, Chen has filed a timely petition for review of only the BIA's August 2004 order denying his motion to reopen.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen cannot be granted unless the BIA determines that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1). Clearly, the June 2004 summons is new evidence that Chen could not have previously offered. Therefore, the underlying issue is whether this information is material to Chen's asylum, withholding of removal, or CAT claim.

The BIA stated that Chen was attempting "to relitigate matters that were already evaluated by the [IJ]" and that "[a] motion to reopen is not a substitute for an appeal." [*Id.*]. The BIA did not err in denying Chen's motion to reopen with regard to his asylum and withholding of removal claims. The June 2004 summons would have no material effect on Chen's failure to establish one of the five statutorily protected grounds for asylum and withholding of removal. *See* 8 U.S.C. § 1101(a)(42). However, the BIA did not expressly determine whether the June 2004 summons, if credible, would have changed the situation so that it was more likely than not that Chen would be tortured upon his return to China for illegally departing the country or smuggling.

In a case decided after the BIA's denial of Chen's motion to reopen, we held that a national, who illegally departed from China, failed to show that it was more likely than not that she would be tortured upon her return to the mainland. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156 (2d Cir.2005). We concluded that Mu Xiang Lin presented "no particularized evidence suggesting that she is likely to be subjected to torture in Chinese prisons." *Id.* at 158. We also noted that Mu Xiang Lin was not entitled to CAT protection "based *solely* on the fact that she is part of the large class of persons who have illegally departed China." *Id.* at 160.

We identified three inferences that Mu Xiang Lin pressed as necessary to prevail on her CAT claim. First, the Court had to infer that a petitioner "will more likely than not be detained upon her return to China rather than fined or otherwise punished without detention." *Id.* Second, the Court had to infer that "administrative detainees face the same risk of torture as political dissidents and other prisoners reported to have been tortured." *Id.* Third,

the Court had to infer that "instances of torture in Chinese prisons are sufficiently routine as to render it *more likely than not* that any given detainee will be tortured." *Id.* We rejected Mu Xiang Lin's CAT claim because she "relie[d] on the same country reports that we rejected as a sufficient basis for granting CAT relief" in *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003), and because she "offer[ed] no additional particularized evidence to support her claim." *Mu Xiang Lin*, 432 F.3d at 160.

Here, Chen does offer "additional particularized evidence" on his motion to reopen: namely, the June 2004 summons from the FuZhou City Police Department LangQi Branch. In that summons, the City Police Department writes to Chen: "Because you are suspected of being involved in the crime of crossing the border illegally and smuggling, according to the anti-smuggling regulation from the People's Republic of China, you must reported [sic] to this police branch on June 1, 2004, 9:30 A.M. to be investigated."

However, Chen's 2004 summons only implicates the first inferential step from *Mu–Xiang Lin*: namely, whether a petitioner "will more likely than not be detained upon her return to China rather than fined or otherwise punished without detention." 432 F.3d at 160. This additional evidence is not "material" to Chen's CAT claim because it has no bearing on the likelihood of Chen being tortured upon his return to China, and Chen has made no argument to support such an inference. *Cf. id.* (noting that "imprisonment alone 'does not inherently constitute torture' within the meaning of the CAT" (quoting *Mu–Xing Wang*, 320 F.3d at 144)). The BIA was therefore correct in concluding that the 2004 summons was merely an attempt to relitigate matters already evaluated.

**4**

Accordingly, the petition is DENIED. Our review having been completed, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).